### 17795. COOK *v.* THE STATE.

LUKE, J. 1. The conviction in this case being sustained by the evidence and approved by the trial judge, this court can not set aside the verdict upon the general grounds of the motion for new trial.

2. Grounds 1, 2, and 3 of the amendment to the motion for new trial will not be considered, for the reason that each of them fails to state the name of the witness whose testimony was admitted over counsel's objection. *Crawford* v. *State,* 33 *Ga. App.* 612 (127 S. E. 415), and cit.; *Wilkie* v. *State,* 159 *Ga.* 559 (126 S. E. 383).

---

Criminal Law, 16 C. J. p. 1049, n. 82; p. 1050, n. 84; 17 C. J. p. 89, n. 65 New; p. 91, n. 77; p. 252, n. 17; p. 256, n. 62; p. 271, n. 41.

3. Under the facts of the case and in view of the full and fair charge of the court upon the law of circumstantial evidence, there is no merit in the assignment that the court erred in charging that "some evidence has been admitted which is termed circumstantial evidence," for the alleged reason that this was an expression of opinion by the court that there was some direct evidence in the case, and that the defendant was thereby deprived of the full benefit of the circumstantial-evidence rule.

4. Ground 5, that the court erred in declining to give to the jury certain instructions requested in writing, is not in proper form for consideration, for the reason that it fails to allege that the requested charge was pertinent and applicable to the facts of the case. *Hightower* v. *State*, 33 *Ga. App.* 73 (125 S. E. 511).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concurring.*

DECIDED MARCH 8, 1927.

Possessing intoxicating liquor; from city court of LaGrange—Judge Tuggle. October 27, 1926.

*Duke Davis,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.